[Civ. No. 19160. Second Dist., Div. Three. June 23, 1953.]

VICTOR MALLEY, Appellant, v. SIERRA MANUFACTURING COMPANY (a Limited Partnership) et al., Respondents.

Thompson & Thompson and Benjamin J. Goodman for Appellant.

Frederick G. Stoehr for Respondents.

WOOD (Parker), J.—This action in claim and delivery was consolidated for trial, and was tried, with the action of *Malley* v. *Sierra Manufacturing Co.* No. 19159 (*ante*, p. 643 [258 P.2d 522]). The plaintiff sought possession of certain personal property, and damages for detention thereof. The judgment herein was that plaintiff recover possession of the property claimed, except certain aluminum; and that plaintiff recover possession of the aluminum upon payment of the judgment (for $3,000 damages) in said other case of *Malley* v. *Sierra Manufacturing Co.* Plaintiff appeals from the judgment.

This action arose out of the transactions referred to in said other case. The articles claimed herein were certain machinery, tools and materials delivered by plaintiff to defendant to be used by defendant in manufacturing the electric broiler referred to in the other case. The court found herein that all the property described in the complaint, except the aluminum, had been delivered to plaintiff.

Plaintiff contends that the court erred in entering the conditional judgment that plaintiff "will be entitled to possession" of the aluminum upon payment of the other judgment for $3,000 damages. Defendant alleged, in its answer, that pursuant to an agreement between plaintiff and defendant the defendant performed work upon the property described in the complaint of the reasonable value of $993.93, and that it was entitled to a lien thereon "upon that account." The court found that the aluminum had been partially processed by the defendant for the plaintiff pursuant to a contract between them, that the completion of the processing was prevented by plaintiff's breach of contract, and that defendant was damaged by said breach. No finding was made as to the value of the work which defendant alleged that it performed upon "the property described in the complaint," and there

was no finding, conclusion of law, or judgment that defendant had a lien upon the aluminum by reason of any work it had performed upon the aluminum or any other property. As stated, the judgment was that plaintiff "will be entitled to possession" of the aluminum upon payment of the judgment for damages ($3,000) in the other case. As shown by defendant's answer, it did not claim a lien for more than $933.93. There was no proper basis for the provision in the judgment that plaintiff should pay the judgment for $3,000 in said other case before he would be entitled to the possession of the aluminum. Although the two cases were tried together, they were separate cases and the court was not empowered to require that the judgment for damages in the other action be satisfied by plaintiff before he would be entitled to an unconditional judgment in this claim and delivery action. The judgment should be reversed. If the question as to the conditional judgment were the only question involved herein, this court would be justified in directing the superior court to render an unconditional judgment for the return of the aluminum.

Another question is involved herein, namely, whether the evidence was sufficient to support the finding that all the claimed property, except the aluminum, was delivered to plaintiff. Plaintiff argues that 1½ parts (sets) of the guard-bracket die, and the hinge die, were not returned. He argues further that the evidence shows that defendant broke the hinge die and did not return it; and that the evidence was uncontradicted that the full set of guard dies was not returned. Since the judgment is to be reversed for the reason above stated, it is not necessary to determine this further contention.

The judgment·is reversed.

Shinn, P. J., and Vallée, J., concurred.